# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JOHN E. BLAIR, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 00-cr-10033 09-cv-1351 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## O R D E R  &  O P I N I O N

On January 11, 2010, this Court denied both Petitioner's Rule 33(b)(1) "Motion to Expunge Conviction," and his potential 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (00-cr-10033, Doc. 55; 09-cv-1351, Doc. 13). Petitioner's Rule 33(b)(1) Motion was denied as untimely, and his § 2255 Motion was denied as a second or successive motion over which the Court had no jurisdiction absent authorization from the Court of Appeals. On January 22, 2010, the Court received from Petitioner a filing captioned "Motion Petitioner has been granted leave to re-file in the court of appeals." (00-cr-10033, Doc. 56; 09-cv-1351, Doc. 15). Petitioner included both case numbers in the caption, so this filing was docketed under both numbers. On January 25, 2010, the Court received a Motion for Appointment of Counsel under Petitioner's civil case number. (09-cv-1351, Doc. 17).

CERTIFICATE OF APPEALABILITY

## I. Rule 33(b)(1) Motion

First, the Court notes that in criminal cases, Certificates of Appealability are not necessary. Therefore, to the extent that Petitioner wishes to challenge the Court's denial of his Rule 33(b)(1) Motion as untimely, he need not obtain a Certificate of Appeal. Therefore, Petitioner's request for a Certificate of Appealability in his criminal case is denied as moot. (00-cr-10033, Doc. 56).

## II. § 2255 Motion

To the extent that Petitioner's request for a Certificate of Appealability in his § 2255 matter seeks review of the Court's decision that it had no jurisdiction to hear the Motion, it is denied.[1] A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, Miller-El v. Cockrell, 537 U.S. 322, 337 (2003), but a petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. Id. at 338 (quoting Barefoot v. Estelle, 463 U.S. 880, 893

---

[1] Petitioner claims in the Motion that he "has been granted…leave to file in the United States Court of Appeals." Petitioner has not previously been granted a Certificate of Appealability in this case. Petitioner may be alluding to the fact that the Court informed him that he must request authorization from the Court of Appeals in order to file a second or successive § 2255 motion.

(1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the Certificate. FED. R. APP. PROC. 22(b)(1)(3).

As noted above, this Court denied the § 2255 Motion because it was a "second or successive" motion under 28 U.S.C. § 2255(h), and this Court thus had no jurisdiction over the Motion absent approval from the Court of Appeals. Melton v. U.S., 359 F.3d 855, 857 (7th Cir. 2004). Petitioner has made no showing that the Court's decision on this point was debatable or incorrect. Moreover, the Court has reviewed its Order & Opinion denying Petitioner's § 2255 Motion, and finds no basis for a determination that the decision was debatable or incorrect. Therefore, Petitioner's request for a Certificate of Appealability is denied. (09-cv-1351, Doc. 15).

To the extent that Petitioner's filing seeks authorization for this Court to hear his successive § 2255 motion, it was filed in the wrong court. Only the Court of Appeals can grant authorization for a second or successive § 2255 motion, and requests for such authorization must comply with Circuit Rule 22.2.

Finally, Petitioner requests a copy of the docket sheet for his cases, a copy of the motions filed in his cases, and a copy of the instant motion for a Certificate of Appealability. On January 22, 2010, the Clerk mailed a copy of the docket sheet for 09-cv-1351 and a copy of the instant motion to Petitioner. The Clerk will be directed to mail a copy of the docket sheet for 00-cr-10031 to Petitioner, as well. Petitioner's additional requests for copies are denied at this time. If Petitioner

desires other copies, he must direct such requests to the Clerk's office and comply with Local Rule 16.3(B)(3).[2]

## MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner's January 22, 2010 filing also contains a request to proceed on appeal in forma pauperis. (Doc. 14). Federal Rule of Appellate Procedure 24(a)(1) instructs that if a party wishes to proceed on appeal in forma pauperis he "must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Petitioner has not included the required affidavit.[3] Therefore, Petitioner's Motion to Proceed on Appeal in forma pauperis is denied. (00-cr-10033, Doc. 56; 09-cv-1351, Doc. 15). Petitioner may file a motion to proceed in forma pauperis with the Court of Appeals under Federal Rule of Appellate Procedure 24(a)(5).

---

[2] Local Rule 16.3(B)(3) provides: "All requests for file-stamped copies of documents must be accompanied by a stamped, self-addressed envelope and an extra copy to be file-stamped and returned."

[3] Petitioner's request for leave to proceed in forma pauperis is supported by an affidavit, but this affidavit contains none of the information specified by Rule 24(a)(1). In addition, Petitioner has not complied with 28 U.S.C. § 1915: § 1915(a)(1) also requires a similar affidavit, and § 1915(a)(2) requires a prisoner appealing in a civil action to submit a certified copy of his trust fund account statement for the preceding six months in addition to the affidavit.

# MOTION FOR APPOINTMENT OF COUNSEL

Under the case number for his § 2255 motion, Petitioner has filed a Motion for Appointment of Counsel.[4] (09-cv-1351, Doc. 17). In support of his request, Petitioner states that he has "been granted [leave] to proceed in forma pauperis." This is not true. As discussed above, Petitioner's instant Motion to Proceed on Appeal in forma pauperis has been denied. Further, Petitioner had not previously filed an in forma pauperis motion in this action, as movants need not pay a filing fee in the sentencing court when bringing motions under § 2255.[5]

Civil litigants are not entitled to a court appointed attorney. <u>Johnson v. Doughty</u>, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). First, Petitioner has not shown that he is indigent, as discussed above, since his request to proceed on appeal in forma pauperis does not contain any of the required information for the Court to make this determination. (00-cr-10033, Doc. 56; 09-cv-1351, Doc. 15). In addition, as a first step to obtaining court-appointed counsel, the litigant must show that he has made a reasonable attempt to acquire counsel without Court intervention, or that he has been "effectively precluded from making such efforts."

---

[4] Petitioner previously filed a Motion for Appointment of Counsel in both this matter and his criminal case, and it was denied in both cases. (00-cr-10033, Docs. 49 & 53; 09-cv-1351, Docs. 7 & 8).

[5] Petitioner also states that he "has been granted… leave to supplement above case number." It is true that in its January 8 Order & Opinion the Court granted Petitioner's Motion for Leave to Supplement. (09-cv-1351, Doc. 9). However, the supplemental arguments at issue were submitted in the Motion for Leave. The allowance of this Motion was not a general grant to Petitioner, but pertained only to those supplemental arguments.

Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Petitioner has not made the required threshold attempt to secure counsel without Court intervention and has not alleged anything that has impeded his ability to do so, and therefore will not be appointed an attorney for his appeal. (09-cv-1351, Doc. 17). Petitioner may renew his request for appointed counsel in the Court of Appeals.

IT IS THEREFORE ORDERED:

1. Petitioner's request for a Certificate of Appealability as to the denial of his Rule 33(b)(1) motion (00-cr-10033, Doc. 56) is DENIED AS MOOT.

2. Petitioner's request for a Certificate of Appealability as to the denial of his § 2255 motion (09-cv-1351, Doc. 15) is DENIED.

3. The Clerk is DIRECTED to mail a copy of the docket sheet for 00-cr-10031 to Petitioner.

4. Petitioner's Motion to Proceed on Appeal in forma pauperis (00-cr-10033, Doc. 56; 09-cv-1351, Doc. 15) is DENIED.

5. Petitioner's Motion for Appointment of Counsel is DENIED. (09-cv-1351, Doc. 17).

Entered this <u>26th</u> day of January, 2010.

                                                      s/ Joe B. McDade
                                                     JOE BILLY McDADE
                                                  United States District Judge