# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JOHN E. BLAIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  09-cv-1351 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Motion for Reconsideration Pursuant to Rule 60(b).  (Doc. 25).  For the reasons stated below, the Motion is denied.

On January 8, 2010, this Court denied Petitioner's Motion to Vacate, Set Aside, or Correct his federal sentence under 28 U.S.C. § 2255; judgment was entered on this Opinion & Order on January 11, 2010.[1]  (Docs. 13 & 14).  The Court found that it had no jurisdiction to consider the § 2255 motion, as it was a "second or successive" § 2255 motion and therefore barred by § 2255(h) without prior approval from the Court of Appeals.  In the course of the January 8, 2010 Opinion & Order, the Court granted Petitioner's pending Motion for Leave to Supplement his §

---

[1]   Petitioner originally filed a motion under Federal Rule of Criminal Procedure 33(b)(1), which the Court found to potentially raise a claim under § 2255.  The Rule 33(b)(1) motion was also denied, as time-barred, in the January 8, 2010 Opinion & Order.  (Doc. 13 at 2-4).
     Petitioner attempted to appeal the Court's judgment, but the appeal was dismissed by the Court of Appeals, as he failed to timely pay the required docketing fee.  (Doc. 23).

2255 motion. (Doc. 13 at 2 fn. 3). In this Supplement, Petitioner argued against this Court's finding that the § 2255 motion was precluded by § 2255(h).[2] (Doc. 9 at 1-2). In addition, he also raised certain claims regarding the merits of his § 2255 motion, arguing that, because of his medical condition, he had "showed this court 'GOOD CAUSE' and with prejudice why he should be GRANTED A DOWNWARD DEPARTURE." (Doc. 9 at 3).

Petitioner has shown no reason under Rule 60(b) or any other provision for relief from the Court's January 11, 2010 judgment dismissing his § 2255 motion. He does not argue that the Court's determination that it had no jurisdiction over the successive motion was erroneous. Instead, he claims that, in granting his Motion to Supplement, the Court gave itself "jurisdiction to entertain this motion and the arguments submitted in the motion for leave to supplement;" he therefore submits new material supporting his claim that his medical condition justifies relief from his sentence. (Doc. 25 at 2).

As noted above, the arguments raised in the Motion to Supplement, claiming that the Court had allowed the successive § 2255 motion and that Petitioner's medical condition justified § 2255 relief, were considered in disposing of the January 8, 2010 Opinion & Order. The Court explicitly rejected the claim that it had jurisdiction over the successive § 2255 motion. (Doc. 13 at 6). Petitioner's arguments in the Motion to Supplement concerning his medical condition were thus

---

[2] Petitioner claimed that the Court had issued an order allowing him to file a successive § 2255 motion without authorization, which argument the Court rejected, as this Court does not have the authority to allow successive § 2255 motions without authorization. (Doc. 9 at 1-2; Doc. 13 at 6).

2

irrelevant, as the Court did not have jurisdiction. "No matter how powerful a petitioner's showing, only [the Court of Appeals] may authorize the commencement of a second or successive petition." *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996). Petitioner's arguments in the Motion to Supplement and the instant Motion for Reconsideration do not change this fact. The Court had no jurisdiction over the § 2255 motion at the time it was rejected, and it still does not. If Petitioner wishes to raise a § 2255 claim, he must obtain authorization from the Court of Appeals. No further relief is available in this Court in this case.

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration Pursuant to Rule 60(b) (Doc. 25) is DENIED.

Entered this 7th day of April, 2010.


        s/ Joe B. McDade
        JOE BILLY McDADE
        United States Senior District Judge